Slip Op. 15-20

## UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                    :
UNITED STATES,                      :
                                    :
            Plaintiff,              :   Before: Nicholas Tsoucalas,
                                    :           Senior Judge
      v.                            :
                                    :   Consol. Court No.: 10-00119
                                    :
AMERICAN CASUALTY CO. OF            :
READING, PENNSYLVANIA, RUPARI       :
FOOD SERVICES, INC., and WILLIAM:
VINCENT STILWELL, A/K/A "RICK"      :
STILWELL                            :
                                    :
            Defendants.             :
_____:

## OPINION and ORDER

[Defendants' Joint Motion to Strike Plaintiff's Motion for Summary Judgment is denied. Defendants' Joint Motion to Stay Summary Judgment until the Motion to Dismiss is resolved is granted. Defendants' Consent Motion for an Extension of Time to Reply to Plaintiff's Opposition is granted.]

Dated: March 4, 2015

Mikki Cottet, Senior Trial Counsel, Commercial Litigation Branch Civil Division, U.S. Department of Justice, of Washington, DC, for Plaintiff.  With her on the brief were Joyce R. Branda, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel on the brief was Brian J. Redar, U.S. Customs and Border Protection Office of Associate Chief Counsel, Long Beach, CA.

Peter A. Quinter, Gray Robinson, P.A., of Miami, FL, and Lawrence M. Friedman, Barnes Richardson & Colburn, of Chicago, IL, for Defendants Rupari Food Services, Inc. and William Vincent Stilwell a/k/a "Rick" Stilwell.

Frances P. Hadfield, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP, for Defendant American Casualty Co. of Reading, Pennsylvania.

**Tsoucalas, Senior Judge:** The issue before the court is whether to grant American Casualty Co. of Reading Pennsylvania, Rupari Food Services Inc., and William Vincent Stilwell a/k/a "Rick" Stilwell's (collectively "Defendants") Motion to Strike Plaintiff's Motion for Summary Judgment and Opposition to Motion to Dismiss; or in the alternative, stay the Motion for Summary Judgment until Defendants' Motion to Dismiss is resolved.

On October 27, 2014, this court ordered the following: that Defendants file a Motion to Substitute a Revised Motion to Dismiss within seven days of the order; that Plaintiff's response shall be filed on or before January 15, 2015; and "any additional dispositive motions shall be filed within 45 days after a decision denying in whole or in part Defendants' motion to dismiss . . . ." Order at 1-2, October 27, 2014, ECF No. 71.

Defendants filed their revised Motion to Dismiss on November 3, 2014. Defs.' Mot. to Dismiss, November 3, 2014, ECF No. 76.  On January 15, 2015, Plaintiff filed a Motion for Summary Judgment and Opposition to the Motion to Dismiss. Pl.'s Mot. For Summ. J. and Opp'n to Mot. to Dismiss, January 15, 2015, ECF No. 79.

On January 22, 2015, Defendants filed a Joint Motion to Strike Plaintiff's Motion for Summary Judgment, or in the alternative, to stay further action on the Motion for Summary

Judgment until the Motion to Dismiss is resolved.   Defs.' Joint Mot. to Strike Pl.'s Mot. for Summ. J. and Consent Mot. for an Extension of Time, January 22, 2015, ECF No. 82 ("Defs.' Br."). Additionally, the parties consented to an extension of time for the Defendants to reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.  Id.

"The granting of a motion to strike constitutes an extraordinary remedy, and should be granted only in cases where there has been a flagrant disregard of the rules of court." Jimlar Corp. v. United States, 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986). Motions to strike are a drastic remedy that are not favored and infrequently granted.  Ta Chen Stainless Steel Pipe Co. v. United States, 31 CIT 794, 810 (2007) (not reported in Federal Supplement). Accordingly, "courts will not grant motions to strike unless the brief demonstrates a lack of good faith, or that the court would be prejudiced or misled by the inclusion in the brief of the improper material." Jimlar Corp., 10 CIT at 673.

The Defendants argue that the court should strike Plaintiff's Motion for Summary Judgment, because the motion has "referenced new information not referenced in the pleadings and not previously disclosed to the parties for which the authenticity and factual accuracy have not been determined." Defs.' Br. at 6. The Defendants contend that such information would prejudice the court. Id. The Defendants point to two specific examples of this

in Plaintiff's Motion for Summary Judgment: (1) the Declaration of Dr. Greg Lutz, to support the allegation that the crawfish did not originate in Thailand; (2) the Declaration of Richard Porter which references an unrecorded conversation with a Rupari salesperson regarding the origin of the crawfish.   Id.

First, with respect to Dr. Greg Lutz, Defendants claim that his identity was not disclosed during discovery. Id. Plaintiff counters that it was not required to disclose Dr. Greg Lutz's identity to the Defendants, and the Declaration is consistent with other record evidence before the court which remains unchallenged by Defendants.  Resp. to Defs.' Mot. to Strike at 6-7, February 10, 2015, ECF No. 89 ("Pl.'s Br.").

It appears from the exhibits submitted by Plaintiff that Dr. Greg Lutz's identity was not disclosed during discovery, however, USCIT Rule 26(a)(2)(c) requires the disclosure of experts ninety days before the date set for trial, unless ordered otherwise by the Court. Id. at Ex. 1, 2; USCIT R. 26 (a)(2)(c). Here, the court has not set a date for trial and Defendants have not shown that the court ordered disclosure of Dr. Greg Lutz's identity. Defs.' Br. at 1-9.  Thus, Plaintiff was under no obligation to disclose Dr. Greg Lutz's identity. USCIT R. 26 (a)(2)(c). Nevertheless, Defendants should have the opportunity to depose Dr. Greg Lutz and review his credentials and publications before having to respond to Plaintiff's Motion for Summary Judgment. See Baron

Services Inc. v. Media Weather Innovations LLC, 717 F.3d 907, 908-

913 (Fed. Cir. 2013) (vacating summary judgment order as premature,

where Plaintiff did not have an opportunity to depose two witnesses

who provided affidavits in support of a motion for summary

judgment).

Second, Defendant, American Casualty, argues that

Plaintiff did not previously disclose Mr. Richard Porter's

identity or the contents of his Declaration. Defs.' Br. at 6.

Moreover, Defendants collectively claim that the Declaration was

neither mentioned in the Complaint, nor related to any factual

allegation in the Complaint. Id. As such, Defendants believe that

this Declaration will prejudice the court.   Id. In contrast,

Plaintiff insists that it disclosed Mr. Richard Porter's identity

to all Defendants twice. Pl.'s Br. at 7.

The court rejects Defendants' arguments.   Upon

examination of the discovery materials, the court finds that

Plaintiff disclosed the identity of Mr. Richard Porter to all

Defendants in its Amended Initial Disclosures on March 25, 2013,

and in its Second Amended Initial disclosures on July 25, 2013.

Pl.'s Br. at Ex. 1, 2. Additionally, Defendants, in their Consent

Motion to Amend the Scheduling Order, explicitly referred to Mr.

Richard Porter.  Consent Mot. to Amend Scheduling Order at 2, April

12, 2013, ECF No. 32.  This reference further corroborates that

Defendants knew Mr. Richard Porter's identity. See id.

In deciding a motion to dismiss, a Court may consider documents not attached to the complaint where the authenticity of those documents is not in question, and the factual allegations of the complaint revolve around the documents. Young v. Lepone, 305 F.3d 1, 11 (1st Cir. 2002). Here, although Mr. Richard Porter's Declaration was not attached to the Complaint, the Declaration is related to the factual allegation in the Complaint that Rupari and its employees knew that the crawfish tail meat did not originate in Thailand. Compl. at ¶30, June 20, 2011, ECF No. 2. Accordingly, the court may consider the Declaration. See Young, 305 F.3d at 11.

Finally, Defendants argue that Plaintiff's Motion for Summary Judgment is premature based upon the court's Scheduling Order of October 27, 2014. Defs.' Br. at 4. The court agrees. The court's Scheduling Order of October 27, 2014, requires that the court rule upon the Motion to Dismiss before any other dispositive motions are filed by either party. Order at 1-2. Furthermore, the order specifically states that any additional dispositive motions should be filed within 45 days after a decision denying in whole or in part Defendants' Motion to Dismiss. Id. (Emphasis added). On this basis alone, Plaintiff's Motion for Summary Judgment is premature and consequently improper. See id.

Notwithstanding Plaintiff's improper filing of the Motion for Summary Judgment, the court declines to strike

Plaintiff's brief in its entirety, because Plaintiff properly submitted its Opposition per the court's October 27, 2014 order. See Jimlar Corp., 10 CIT at 673 (denying motion to strike and finding that motions to strike are a "drastic remedy.")

Accordingly, Defendants' Motion to Strike is denied. Defendants' Motion to Stay Further Action on Plaintiff's Motion for Summary Judgment until the court issues a decision on the Motion to Dismiss is granted. No other dispositive motions will be considered until the Motion to Dismiss is ruled upon. As such, Plaintiff shall refile its Opposition without the Motion for Summary Judgment within ten days of this Order. Defendants shall have fourteen days from the date Plaintiff resubmits its Opposition to file a Reply. Plaintiff shall have fourteen days, if necessary, from the date the Motion to Dismiss is denied, in whole or in part, to file an Amended Motion for Summary Judgment. Defendants shall have forty-five days from the expiration of the fourteen day period to respond to Plaintiff's Motion for Summary Judgment, and if necessary, file a Cross-Motion for Summary Judgment.

### ORDER

Upon consideration of Defendants' Motion to Strike or in the Alternative Stay Further Action on Plaintiff's Motion for Summary Judgment until the Motion to Dismiss is resolved, the response to this motion and the papers and proceedings herein, it is hereby

**ORDERED** that Defendants' Motion to Strike is **DENIED**; it is further

**ORDERED** that Defendants' Motion to Stay Further Action on Plaintiff's Motion for Summary Judgment until the court issues a decision on the Motion to Dismiss is **GRANTED**; it is further

**ORDERED** that no other dispositive motions will be considered until the Motion to Dismiss is ruled upon; it is further

**ORDERED** that Plaintiff shall refile its Opposition to the Motion to Dismiss without the Motion for Summary Judgment within ten days of this order; it is further

**ORDERED** that Defendants shall have fourteen days from the date Plaintiff resubmits its Opposition to file a Reply; it is further

**ORDERED** that Plaintiff shall have fourteen days, if necessary, from the date the Motion to Dismiss is denied, in whole or in part, to file an Amended Motion for Summary Judgment; it is further

**ORDERED** that Defendants shall have forty-five days from the expiration of the fourteen day period to respond to Plaintiff's Motion for Summary Judgment, and if necessary, file a Cross-Motion for Summary Judgment.

**SO ORDERED.**

Nicholas Tsoucalas
**Nicholas Tsoucalas**
**Senior Judge**

**Dated:** March 4, 2015
         **New York, New York**